## WOLCOTT *a.* WINSTON.

*Supreme Court, First District ; Special Term, March,* 1859.

### VERIFICATION.

The defendant is not excused from verifying his answer to a sworn complaint, on the ground that the complaint charges him with fraud in the making of the assignment which it is the object of the action to have set aside.

The action was brought to set aside an assignment as fraudulent. The complaint averred that, some five years ago, the defendants failed, and made an assignment of their property, representing that it would be sufficient to pay all their debts, instead of which the assigned property had never yet produced any

thing; and charged that the assignment was fraudulently made. The complaint was duly verified; but the defendants served an unverified answer, claiming that the averments of the complaint amount to a criminal charge, in respect to which they would be excused from testifying.

*Buckham, Smales & Green,* for the plaintiffs.

*Tracy, Wait & Olmstead,* for the defendants.

ROOSEVELT, J.—The defendants, I think, were bound to verify their answer. The matter of the complaint involved no charge of felony. And even if it might be construed, as I think it could not, into a criminal misdemeanor, yet as the Code (§ 157) provides that no pleading in a civil suit can be used in any criminal prosecution as proof against the party, the defendants would incur no risk, if their statements were true, in swearing to them. Their oath could only be used in this action. And 2 Revised Statutes (§ 405) provides that a witness shall not be excused from answering on the ground merely that his answer may subject him to a debt or civil suit. The act of 1854, therefore, which gives the defendants the privilege of witnesses, does not exempt them from the obligation to verify their pleading.

The answer objected to must be stricken out (and judgment rendered for plaintiffs), unless it be duly verified, or another in its stead, in ten days from the service of this order.